**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-5592-16T1

STATE OF NEW JERSEY,

     Plaintiff-Respondent,

v.

GLENROY A. DEER,

     Defendant-Appellant.

_____

               Submitted December 6, 2018 – Decided March 14, 2019

               Before Judges O'Connor and Whipple.

               On appeal from Superior Court of New Jersey, Law Division, Essex County, Indictment Nos. 86-04-1304 and 88-10-3258.

               Glenroy A. Deer, appellant pro se.

               Theodore Stephens II, Acting Essex County Prosecutor, attorney for respondent (Frank J. Ducoat, Special Deputy Attorney General/Acting Assistant Prosecutor, of counsel and on the brief).

PER CURIAM

Defendant Glenroy A. Deer appeals from the trial court's July 12, 2017 order denying his second petition for post-conviction relief (PCR) from his 1987 and 1989 convictions. We affirm.

On August 8, 2017, we affirmed the dismissal of defendant's first PCR petition. State v. Deer, No. A-0430-16 (App. Div. Aug. 8, 2017), cert. denied, 231 N.J. 294 (2017). We note defendant's first PCR petition is nearly identical to his current petition. Nevertheless, we summarize the procedural and factual history preceding this appeal.

In 1987, defendant pled guilty to one count of second-degree possession of a controlled dangerous substance with the intent to distribute, N.J.S.A. 24:21-19(a)(1), repealed and replaced by N.J.S.A. 2C:35-5(a)(1), and consistent with the plea agreement, was sentenced to a one-year period of probation. In 1989, a jury found defendant guilty of second-degree possession of a weapon for an unlawful purpose, N.J.S.A. 2C:39-4(a), and third-degree unlawful possession of a handgun, N.J.S.A. 2C:39-5(b). In the weapons case, the trial court sentenced defendant to a seven-year term of imprisonment with three-year parole ineligibility. In 1993, defendant was deported to Jamaica.

Twenty-one years later, in 2014, defendant filed his first PCR petition alleging his respective lawyers in the 1987 drug case and the 1989 weapons trial

2

were constitutionally ineffective because they did not advise him of the deportation consequences of his conviction. He also took issue with trial counsel's strategy. In an oral opinion, Judge Siobhan A. Teare found defendant's petition was procedurally barred by Rule 3:22-12 because he filed it more than five years after the judgment of conviction was entered and he failed to establish excusable neglect. The judge also found his petition lacked substantive merit. On appeal, we agreed Rule 3:22-12 barred defendant's petition. Moreover, defendant's "bald assertions" of attorney ineffectiveness relating to the deportation consequences of his conviction could not sustain a prima facie claim. The Supreme Court denied certification. State v. Deer, 231 N.J. 294 (2017).

On September 23, 2016, six days before the appeal of his first PCR petition was filed, defendant filed a pro se "motion to reconsider petitioner's petition for post-conviction relief under [Rule] 3:22-2." Judge Teare treated the motion as a second PCR petition and described it as alleging "similar, if not identical claims to his first PCR." For that reason, Judge Teare found Rule 3:22-5 procedurally barred defendant's allegations because they were previously adjudicated. The judge declined to comment on the substance behind defendant's renewed assertion his trial counsel did not inform him of the

immigration consequences of his conviction; however, Judge Teare discussed defendant's allegations of trial mismanagement, which she did not directly address in her oral opinion.

In both his first PCR petition and supplemental filing, defendant alleged his counsel was ineffective for: not negotiating a plea, failing to conduct an investigation or interview witnesses, not acquiring personnel records of the police officers involved, failing to provide adequate consultation and to prepare for trial, for not hiring an expert, and failing to request a specific unanimity jury instruction. Judge Teare found these claims were unsubstantiated and found no indication counsel's strategy prejudiced him. As a result, she denied PCR. This appeal followed.

On appeal, defendant pro se, raises the following argument:

> Point I
> THE COURT BELOW REACHED ITS DECISION IN THIS CASE IN CIRCUMVENTION OF APPELLANT'S CONSTITUTIONALLY GUARANTEED RIGHTS TO DUE PROCESS AND EQUAL PROTECTION.

We affirm the dismissal of defendant's PCR petition for the reasons stated in Judge Teare's comprehensive opinion. We only add the following.

Rule 3:22-12 bars defendant's claim, as it did when we first reviewed his petition. "There are good reasons for such a Rule." State v. Mitchell, 126 N.J.

4

565, 575 (1992). "[T]he Rule serves to respect the need for achieving finality of judgments" and "[t]he Rule therefore strongly encourages those believing they have grounds for post-conviction relief to bring their claims swiftly, and discourages them from sitting on their rights until it is too late for a court to render justice." Id. at 576. Defendant previously did not and still has not demonstrated excusable neglect to permit a twenty-one-year delay in filing a PCR petition.

As for the substance of defendant's claims, we agree with Judge Teare that defendant's assertion he never was advised on the immigration consequences of his conviction was properly disposed of in his first PCR petition. Therefore, it also is barred by Rule 3:22-5.

Defendant's claims of attorney ineffectiveness are meritless. The standard for determining whether counsel's performance was ineffective for purposes of the Sixth Amendment was formulated in Strickland v. Washington, 466 U.S. 668 (1984), and adopted by our Supreme Court in State v. Fritz, 105 N.J. 42 (1987). Under this test, defendant must show: (1) counsel's performance was deficient, and (2) the deficient performance prejudiced defendant. Strickland, 466 U.S. at 687; Fritz, 105 N.J. at 52. To rebut the presumption of competent performance, "defendant must establish that trial counsel's actions did not equate

to sound trial strategy." State v. Allegro, 193 N.J. 352, 366 (2008) (quotation omitted). To prove prejudice, "defendant bears the burden of showing that 'there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.'" State v. Arthur, 184 N.J. 307, 319 (2005) (quoting Strickland, 466 U.S. at 694).

Defendant alleges his trial counsel was ineffective for not requesting a unanimity jury instruction in his 1989 trial. Unanimity instructions are only necessary when a general charge will not suffice, such as "'where the facts are exceptionally complex, or where the allegations in a single count are either contradictory or only marginally related to one another, or where there is a variance between the indictment and the proof at trial.'" State v. Parker, 124 N.J. 628, 636 (1991) (citation omitted) (quoting United States v. Ryan, 828 F.2d 1010, 1020 (3d Cir. 1987)). Defendant's 1989 weapons conviction was not so complex as to require individual jury instructions for each count of the indictment.

Defendant's remaining assertions his trial counsel failed to investigate a witness's statements to police, seek personnel records of the detectives assigned to his case, impeach a witness at trial, or failed to hire an expert to evaluate the firearm are merely unsupported allegations. Defendant did not provide the court

with supporting evidence demonstrating any error or how it prejudiced him. In short, defendant provides none of the substantiation necessary to grant him an evidentiary hearing, let alone relax the time bar.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

7

A-5592-16T1